# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA     §      Claim No: 1998A12894

       §

vs.                    §

       §

Ida M. Jackson aka Ida Maria Shively

---

## COMPLAINT

---

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

### Jurisdiction

1. This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

### Venue

2. The defendant is a resident of Wayne County, Michigan within the jurisdiction of this Court and may be served with service of process at 15066 Mesa Way 36, Romulus, Michigan 48174.

### The Debt

3. The debt owed the USA is as follows:

| | |
|---|---|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $2,252.43 |
| B. Current Capitalized Interest Balance and Accrued Interest | $3,767.45 |
| C. Administrative Fee, Costs, Penalties | $0.00 |
| D. Credits previously applied *(Debtor payments, credits, and offsets)* | $0.00 |

E. Attorneys fees                                                    $0.00

**Total Owed**                                                  **$6,019.88**

The Certificate of Indebtedness, attached as Exhibit A", shows the total owed excluding

attorney's fees and CIF charges. The principal balance and the interest balance shown on the Certificate

of Indebtedness is correct as of the date of the Certificate of Indebtedness after application of all prior

payments, credits, and offsets. Prejudgment interest accrues at the rate of 8.000% per annum.

### Failure to Pay

4.  Demand has been made upon the defendant for payment of the indebtedness, and the

defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

A. For the sums set forth in paragraph 3 above, plus prejudgment interest through the date

of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. §

1961 that interest on the judgment be at the legal rate until paid in full;

B. For attorneys' fees to the extent allowed by law; and,

C. For such other relief which the Court deems proper.

Respectfully submitted,

By: s/Charles J. Holzman (P35625)
    Holzman Corkery, PLLC
    Attorneys for Plaintiff
    Tamara Pearson (P56265)
    28366 Franklin Road
    Southfield, Michigan 48034
    (248) 352-4340
    usa@holzmanlaw.com

# U.S. DEPARTMENT OF EDUCATION

## CERTIFICATE OF INDEBTEDNESS
## SAN FRANCISCO, CALIFORNIA

|          |                          |
|----------|--------------------------|
| Name:    | Ida M. Jackson           |
| AKA:     | Ida Jackson              |
| Address: | 17926 Woodward Ave. Apt.5 |
|          | Detroit, MI 48203        |
| SSN :    | 369 60 4532              |

Total debt due United States as of:   10/21/97

I certify that Department of Education records show that the debtor named above is indebted to the United States in the amount stated above, plus additional interest on the principal balance of $2,252.43 from 10/21/97 at the annual rate of 8%. Interest accrues on the principal amount of this debt at the rate of $0.49 per day.

The claim arose in connection with a Government insured or guaranteed loan(s) made by a private lender and assigned to the United States.

On 5/25/89 the debtor executed promissory note(s) to secure loan(s) from First American Savings, Inc. - Tucson, AZ under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et.seq (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note(s) and on 1/5/91 the debtor defaulted on the obligation.

Pursuant to 34 C.F.R. 682.202 and/or terms of the promissory note(s) the holder(s) capitalized interest accrued to the original lender in the amount of $207.43, thereby increasing the principal balance due to $2,252.43.

After application of the last voluntary payment of $0.00 which was received on N/A the debtor now owes the following:

| | |
|---|---|
| Principal: | $2,252.43 |
| Interest: | $1,091.13 |
| Administrative/Collection Costs: | $0.00 |
| Penalites: | $0.00 |

CERTIFICATION:   Pursuant to 28 USC Section 1746, I certify under penalty of perjury that the foregoing is true and correct.

OCT 3 0 1997
_____
(Date)

_____
Loan Analyst

0256   DOUBLE SIDED   LENDER COPY   89334-07

**HIGHER EDUCATION ASSISTANCE FOUNDATION**
P.O. BOX 64107 • ST. PAUL, MN 55164

*After lender completes application, mail HEAF copy only to this address.*

**GUARANTEED STUDENT LOAN (GSL) APPLICATION/ PROMISSORY NOTE**

### SECTION A - TO BE COMPLETED BY BORROWER (PRINT IN INK–PRESS FIRMLY–OR TYPE)

1. NAME (NO NICKNAMES)
LAST: JACKSON   FIRST: Ida   M.I.: A

2. SOCIAL SECURITY NUMBER:

3. WHEN WERE YOU BORN? MO / DAY / YR

4. PERMANENT ADDRESS: 2743 Hunt
CITY: Detroit   STATE: Mich   ZIP: 48207

5. PERMANENT HOME PHONE: (313)567 8953

6. U.S. CITIZENSHIP STATUS (CHECK ONE)
[ ] U.S. CITIZEN OR NATIONAL   [ ] PERMANENT RESIDENT OR OTHER ELIGIBLE ALIEN

ALIEN ID NUMBER IF APPLICABLE:

7. PERMANENT RESIDENT OF WHICH STATE: Mich

8a. DRIVER LICENSE NUMBER (IF YOU DO NOT HAVE A LICENSE, PRINT "NONE" AND GO TO 9): NONE

8b. STATE IN WHICH ISSUED:

9. ADDRESS WHILE IN SCHOOL (STREET, CITY, STATE, ZIP): 2743 Hunt

10. PHONE AT SCHOOL ADDRESS: ( ) SAME

11. MAJOR COURSE OF STUDY; SEE INSTRUCTIONS IN APP. BOOKLET: 12

12. LOAN AMOUNT REQUESTED: $ 2045.00

13. LOAN PERIOD FROM MO 6 YR 89 TO MO 1 YR 90

### PRIOR LOAN INFORMATION

14. HAVE YOU EVER DEFAULTED ON A GSL, SLS (ALAS), PLUS, CONSOLIDATED, OR INCOME CONTINGENT LOAN?
[ ] YES (GIVE DETAILS ON SEPARATE SHEET)   [✓] NO

15a. DO YOU HAVE ANY PRIOR UNPAID GSL LOANS?
[ ] YES (GO TO 15b)   [✓] NO (GO TO 20a)

15b. IF YES, TOTAL UNPAID BALANCE OF GSL LOANS $

16. UNPAID PRINCIPAL BALANCE OF MOST RECENT GSL $

17. GRADE LEVEL OF MOST RECENT GSL, SEE INSTRUCTIONS IN APP. BOOKLET

18. LOAN PERIOD START DATE OF MOST RECENT GSL MO / DAY / YR

19. INTEREST RATE OF MOST RECENT GSL [ ] 7%  [ ] 8%  [ ] 9%

20a. DO YOU HAVE ANY PRIOR UNPAID SLS (ALAS) OR PLUS LOANS? [ ] YES (GO TO 20b) [✓] NO (GO TO 21a)

20b. IF YES, TOTAL UNPAID PRINCIPAL BALANCE OF PRIOR SLS (ALAS) LOANS RECEIVED DURING ▶
UNDERGRADUATE STUDY $
GRADUATE STUDY $

21a. DO YOU HAVE ANY UNPAID PLUS LOANS IF YOU BORROWED AS A PARENT UNDER THE PLUS LOAN PROGRAM? [ ] YES (GO TO 21b) [✓] NO (GO TO 22a)

21b. IF YES, TOTAL UNPAID PRINCIPAL BALANCE OF PLUS LOANS $

### REFERENCES (YOU MUST PROVIDE THREE DIFFERENT NAMES, WITH DIFFERENT U.S. ADDRESSES AND PHONE NUMBERS)

22a. PARENT/GUARDIAN NAME: Ruby McNeal   STREET: 3651 Preston   CITY, STATE, ZIP: Detroit MI. 48207   PHONE:

22b. RELATIVE NAME: Mary Allen   STREET: 16167 Whitcomb   CITY, STATE, ZIP: Detroit Mich 48219

22c. FRIEND NAME: Euvondas Jackson   STREET: 20221 Ashton   CITY STATE ZIP: Detroit Mich 4821[...]

NOTICE TO BORROWER: You must read the additional Promissory Note terms and the Borrower's Certification on the reverse side before signing this Promissory Note. PROMISE TO PAY: I promise to pay to the order of my lender the entire Loan Amount Requested shown above, to the extent that it is advanced to me, including the Guarantee Fee and the Origination Fee and Interest of the unpaid principal balance, subject to the terms and conditions described on the reverse side of this Promissory Note and to the terms and conditions contained in the Disclosure Statement that will be provided to me no later than the time of the first disbursement of this loan. I have read, I understand, and I agree to the Borrower's Certification on the reverse side of this Promissory Note. I understand that this is a Promissory Note. I will not sign it before reading all of its provisions, even if otherwise advised. I am entitled to a copy of this Promissory Note. By signing this Promissory Note I acknowledge that I have received an exact copy of it.

23a. SIGNATURE OF BORROWER (APPLICATION CANNOT BE PROCESSED WITHOUT SIGNATURE)
X Ida Jackson

23b. DATE BORROWER SIGNED MO 5 DAY 25 YR 89

### SECTION B - TO BE COMPLETED BY SCHOOL

24. NAME OF SCHOOL: Ross Medical Ed Center

26. PHONE: (313) 9657451

27. SCHOOL CODE: 021179

25. ADDRESS (STREET, CITY, STATE, ZIP): 553 Woodward Ave Detroit, MI 48226

28. 0000

29.

30. PERIOD LOAN WILL COVER FROM MO 6 DAY 26 YR 89 TO MO 1 DAY 5 YR 90

31. STUDENT'S GRADE LEVEL (CHECK ONE)
CORRESP. 0   UNDERGRAD. [1] 2 3 4 5   GRAD. 6 7 8 9 10

32. ANTICIPATED GRADUATION DATE MO 1 DAY 5 YR 90

33. STUDENT STATUS (CHECK ONE) [ ] DEPENDENT [✓] INDEPENDENT

34. ADJUSTED GROSS INCOME (AGI) $ 0

35. COST OF ATTENDANCE FOR LOAN PERIOD $ 8688

36. ESTIMATED FINANCIAL AID FOR LOAN PERIOD $ 2300

37. EXPECTED FAMILY CONTRIBUTION (EFC) $ 0

38. DIFFERENCE (ITEM 35 LESS ITEMS 36 AND 37) OR LEGAL MAXIMUM $ 6388

39. SUGGESTED DISBURSEMENT DATES
1ST DISB. MO / DAY / YR   2ND DISB. MO / DAY / YR   3RD DISB. MO / DAY / YR

40. DO SUGGESTED DISBURSEMENT DATES CORRESPOND TO SCHOOL TERMS? YES [ ] NO [ ]

41. WILL THE STUDENT ATTEND A FOREIGN SCHOOL? YES [ ] NO [✓]

42. SCHOOL USE ONLY

I HAVE READ, I UNDERSTAND, AND I AGREE TO THE TERMS OF THE SCHOOL CERTIFICATION PRINTED ON THE REVERSE SIDE OF THIS APPLICATION.

43a. SIGNATURE OF SCHOOL OFFICIAL X Jeannette H Murrell

43b. DATE MO 5 DAY 25 YR 89

43c. PRINT NAME AND TITLE: Jeannetta H. Murrell Fr

### SECTION C - TO BE COMPLETED BY LENDER

44. NAME OF LENDER: FIRST AMERICAN SAVINGS, INC.

46. LENDER CODE: 830909

45. ADDRESS (STREET, BUILDING, CITY, STATE, ZIP): 4380 N. CAMPBELL TUCSON, AZ 85718

47. BRANCH CODE:

50. LOAN DISBURSEMENTS
MO / DAY / YR / $ AMOUNT

52. IS THIS AN UNSUBSIDIZED LOAN? YES [ ] NO [ ]

53. LENDER ACCOUNT NUMBER

54. LENDER USE ONLY

48.

49.

51. TOTAL LOAN AMOUNT APPROVED $ .00

55a. SIGNATURE OF LENDING OFFICIAL X
PRINT NAME AND TITLE: BONNIE EICHHORN/VICE PRES

55b. DATE SIGNED MO 7 DAY 18 YR 89

### SECTION D - TO BE COMPLETED BY HEAF

JACKSON, IDA, M
CLAIM NO 199309066178G 11-12-93

## A. PROMISE TO PAY

The Interest, Guarantee Fee, and Origination Fee rates and terms (mentioned in the Promise to Pay on the front of this application/promissory note) are:

1. Interest on the unpaid principal balance. The applicable interest rate on this loan will be figured in the following manner: If I have an unpaid principal balance on a Guaranteed Student Loan having an applicable interest rate of 6%, the applicable interest rate on this loan will be 7%. If I have an unpaid principal balance on a Guaranteed Student Loan having an applicable interest rate of 7%, 8%, or 9%, the applicable interest rate on this loan will be the same as that of my other loan(s). If I have no outstanding Guaranteed Student Loans, my applicable interest rate on this loan will be 8%. I understand that if I am eligible for federal interest benefits, the interest will be paid by the Secretary of Education (Secretary) (a) during the period I am in school on at least a half-time basis, (b) during the grace period described under Repayment in this Note, and (c) during the time my loan payments are deferred as allowed by and described under Deferment in this Note. If I am a "new borrower" (as defined below) with a period of enrollment beginning on or after July 1, 1988, my applicable interest rate on this loan will be 8% through the fourth year of repayment. Beginning on the first day of the fifth year of repayment, my applicable interest rate on the loan will be 10%. A "new borrower" is one who has no outstanding balance on a GSL, PLUS, ALAS, SLS or Consolidation Loan on the date he or she signs the promissory note for a loan to cover a period of enrollment beginning on or after July 1, 1988.

2. The Guarantee Fee

HEAF may charge a fee to guarantee my loan [...]
law, applicable regulations and HEAF policy [...]
Fee will be deducted proportionately from ea[...]
after July 1, 1987. I understand that this charg[...]
attributable to any disbursement I do not rece[...]
applied to my loan balance or be returned to [...]
actual guarantee fee charged.

3. The Origination Fee will be deducted from [...]
by federal law and will be reflected on my [...]
refunded, pro rata, on undisbursed amoun[...]
disbursement, if the loan check is not cas[...]
check is returned to the lender uncashed.

## B. DISCLOSURE OF LOAN INF[...]

I understand that before I receive my first [...]
sure statement that identifies all the term[...]

## C. GENERAL

I understand that the lender has applie[...]
Higher Education Assistance Foundatior [...]
and the terms of this Promissory Note w[...]
of the Higher Education Act of 1965, as [...]
under the Act, and the Rules and Regul[...]
law, this Note shall be governed by the l[...]

## D. REPAYMENT

I will repay this loan in periodic installm[...]
than the end of my grace period.

However, during the grace period I ma[...]
grace period begins when I cease to [...]
at a school that is participating in the [...]
1) The Secretary will pay the interest [...]
and during any deferment period, if [...]
made on my behalf under the regul[...]
this loan is payable by the Secretar[...]
me. I may, however, choose to pay t[...]
2) Once the repayment period begi[...]
accrues on this loan, except that if [...]
period is payable by the Secreta [...]
any period described under Defer[...]
3) The lender may add any intere[...]
paid when it is due, in accordanc[...]
GSLP.
4) I will repay this loan over a rep[...]
more than 10 years. However, the [...]
a. If, during the grace period, I rec[...]
a shorter period.
b. The lender may require a rep[...]
ensure that during each year of [...]
GSL, PLUS or SLS program lo[...]
least $600 of the unpaid principal of all suc[...]
c. If I qualify for postponement of my payments during any perio[...]
ment in this Note, or if the lender grants "forbearance", as allowed by the Act, those po[...]
will not be included in the 5- and 10-year periods mentioned above.
5) If, during the grace period, I request a shorter repayment period, the lender may grant me a period shorter than 5 years. In that event, I may later choose to have the repayment period extended to 5 years.
6) I must contact the lender prior to expiration of my grace period to negotiate the terms of repayment. If I neglect to do so, I hereby authorize the lender to establish repayment terms within the guidelines set forth in Paragraph 4 of this Section, without my further approval; however, the lender must inform me of these terms in writing at the latest address that I have provided to the lender.
7) The particular terms and conditions of repayment that apply to this loan will be set forth in a separate document that the lender will provide to me before the repayment period begins.
8) My obligation to repay this loan shall be cancelled if I become totally and permanently disabled or die.

## E. PREPAYMENT

At my option and without penalty, I may prepay at any time all or any part of the unpaid principal balance of this Note. In the event of prepayment, I will be entitled to a refund of any unearned interest that I have paid. The amount of any such rebate will be computed by the same method by which interest payments were computed.

## F. DEFERMENT

I understand that in certain instances authorized by the Act the payments I am required to make, as described under Repayment in this Note, may be deferred. The instances currently authorized by the Act are described under Deferment in the HEAF application information booklet. To obtain such deferment, I agree to comply with the relevant federal regulations and the Rules and Regulations of the HEAF, including, without limitation, submission of required forms to the lender.

If I am unable to repay th[...] in accordance with the terms established under Repayment in this Note, I may reques[...] lender to modify these terms. I understand that such modification would be at the lender's option and would have to be in compliance with the Act, federal regulations adopted under the Act and the Rules and Regulations of HEAF. I understand that a modification of repayment terms under this Section is different from Deferment (as described in this Note) and that during this period I will remain responsible for payment of interest, which the lender may (a) collect from me on a periodic basis or (b) add to the principal balance of this loan.

## H. DEFAULT

1. Definition—I understand that under the Act, and HEAF Rules and Regulations, any of the following events is a default:
a. failing to make any installment payment when due, provided that this failure persists for 180 days for a loan repayable in monthly installments or 240 days for a loan repayable in less frequent installments;
b. making any false representation for the purpose of obtaining this loan;
c. using the loan proceeds for other than educational purposes;
d. failing to enroll in the school that completed the application for the time identified as my loan period;
e. not notifying the lender immediately if I (a) drop to less than a half-time student, (b) change my graduation date, (c) change my name, or (d) change my permanent address.

[...] of default—If I default on this loan:
[...] unpaid amount of the loan, including interest, immedi-
[...]
sclose to schools I have attended (or am
[...]
[...]ny of the following federal programs: Pell
[...]rant, College Work-Study, State Student
[...]ational Direct Student Loan), Guaranteed
[...]dents (SLS), PLUS loans, or Consolidation
[...]
[...]der Repayment and Deferment in this Note;
[...]luding attorney's fees, that are permitted by
[...]f these amounts. If this loan is referred for
[...]air Debt Collection Practices Act, I will pay
[...]e unpaid principal and accrued interest. De-
[...]ayable is at the option of the lender, which it
[...]otice and other requirements of law. Failure to
[...]ver of the lender's right to exercise the option
[...]
will then be required to pay HEAF all amounts
[...]
[...]m me a late charge if I fail to pay all or part of a
[...]s after it is due or if I fail to provide written evi-
[...]ayment deferred as described under Deferment
[...]i cents for each dollar of each late installment.

[...]ION
[...]
[...] loan and its repayment will be reported to one or
[...]'ault on this loan, the lender, holder or guaranty
[...]t bureau organizations. This may significantly and
[...]er credit. The lender, holder or guaranty agency
[...]nce that information about the default will be dis-
[...]ess I enter into repayment on the loan within the 30
[...]asponse to a request from any credit bureau orga-
[...]ise with that organization about the accuracy and
[...]out me.

[...]er the laws of the United States of America that the
[...]rrower, certify that the information contained in my
[...]te and correct to the best of my knowledge and belief
[...]der's option, I authorize the lender to make my loan
[...]y school. I hereby authorize the school to pay to the
[...]me up to the amount of this loan. I further authorize
[...] attend or HEAF to release to the lending institution,
[...]any requested information pertinent to this loan (e.g.,
[...]oan history, current address). I also authorize the lender,
[...]educational institution, or HEAF to make inquiries to or
[...]i, or prior or subsequent lenders or holders, with respect
[...]ocuments. I also authorize the lender, subsequent holder,
[...]mation and make inquiries to the persons I have listed in
[...]lor the purpose of learning my current address and tele-
my loan app[...]
phone number. I certify that th[...] [...]ceeds of this loan will be used for educational purposes for the academic period stated on my loan application at the educational institution named on the application. I understand I am responsible for repaying any funds I receive that cannot reasonably be attributed to meeting my educational expenses related to attendance at that institution for the loan period stated. I certify that I am a borrower eligible for participation in the GSL program and that I do not owe a refund to any Title IV aid program. I certify that if I am eligible to apply for a Pell Grant, that I have done so or that I have requested my institution to estimate my eligibility for a Pell Grant. I further certify I have read the materials explaining the federal guaranteed student loan program which have been provided to me and that I understand my responsibilities and my rights under that program.

## SCHOOL CERTIFICATION

I hereby certify that the student named in Section A of this application is accepted for enrollment or is enrolled as at least a half-time student, and is making satisfactory progress in a program determined to be eligible for this loan program. I further certify that the student has been determined by this institution, under the regulations applicable to this loan program, to be eligible for the loan applied for. I further certify that based upon records available at this institution and due inquiry to the student, the student has satisfied the requirements under the Selective Service Act necessary to receive financial aid, is not in default on any other loan made under any Title IV student assistance program identified in 34 CFR Part 668, and is not liable for any refund of any grant made under any student assistance program identified in 34 CFR Part 668. I further certify that this institution will comply with all applicable provisions of federal law and the rules, regulations, policies, and procedures of HEAF in the administration of this loan. The information provided in Sections A and B and this School Certification is true, complete, and correct to the best of my knowledge and belief.

---

AFFIX TO BACK OF PROMISSORY NOTE

Pay to the order of Higher Education Assistance Foundation ("HEAF") without recourse, provided, however, notwithstanding this endorsement without recourse, the undersigned hereby expressly:

1. Warrants that:
   a) no defense of any party is good against the undersigned; and
   b) the undersigned is not in default under the terms of that certain Lender Agreement for Guarantee of Student loans with Federal Reinsurance ("Lender Agreement") between it and HEAF, in accordance with which payment of the indebtedness evidenced by this instrument was guaranteed by HEAF.

2. Disclaims the implied warranty that it has no knowledge of any insolvency proceeding instituted with respect to the maker of this instrument and instead warrants that to the extent it has knowledge of any such proceeding it has disclosed the same to HEAF, but no other implied warranties are hereby disclaimed.

3. Acknowledges that:
   a) upon payment in full by HEAF of the claim submitted by the undersigned pursuant to the aforesaid Lender Agreement, HEAF will have discharged all of its obligations to the undersigned arising out of said Lender Agreement; and
   b) notwithstanding payment by HEAF of the undersigned's claim and acceptance by HEAF of transfer of this instrument in consideration thereof, HEAF has not waived any rights that it may have against the undersigned pursuant to the terms of the aforesaid Lender Agreement.

SIGNATURE
X _____

TITLE _____

DATE   7/23/91

F0025   10-87